UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LAURA ANDERSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-15740** |
| **VLADIMIR KESLER, ET AL** | **SECTION "L" (1)** |

## ORDER & REASONS

Before the Court is Plaintiff's Motion to Remand. R. Doc. 9. Having reviewed the parties' briefs and the applicable law, the Court now issues this Order & Reasons.

### I.   BACKGROUND

On July 8, 2016, Plaintiff Laura Anderson filed suit in the Civil District Court for the Parish of Orleans alleging injuries stemming from an automobile collision occurring in Orleans Parish, Louisiana, on August 10, 2015. Plaintiff alleges that Defendant Vladimir Kesler negligently failed to stop at a red light and collided with her vehicle as she was proceeding east on South Broad Street, causing "multiple contusions and abrasions, cervical strain, lumbar strain, nerve and disk damage, [and] an aggravation of pre-existing fibromyalgia". R. Doc. 1-5 at 2. In her petition, Plaintiff seeks damages for (a) physical pain and suffering; (b) mental anguish; (c) permanent disability; (d) medical expenses; (e) loss of income; (f) loss of earning capacity; and (g) loss of enjoyment of life. R. Doc. 1-5 at 2. In accordance with Louisiana Code of Civil Procedure article 893(a), Plaintiff did not plead a specific damage amount in her petition. Plaintiff also did not note whether the amount in controversy met, or did not meet, the amount required for federal diversity jurisdiction. Defendant Plymouth Rock Assurance Company provided liability coverage for the vehicle operated by Vladimir Kesler. R. Doc. 1-5 at 2.

Plaintiff informed Defendants of her significant injury and medical costs on November 15, 2015 and May 26, 2016, prior to filing suit in state court on July 8, 2016. R. Doc. 9-1 at 1-2. On August 10, 2016, Defendants filed a motion for extension of time. On September 28, 2016, Plaintiff filed a supplemental petition adding her underinsured motorist carrier to the complaint. "Around that time," Defendants sent a request for admission asking about the value of the damages; Plaintiff responded on October 20, 2016, that the damages exceeded $75,000. R. Doc. 9-1 at 2.

Defendant Plymouth Rock Assurance Company filed a Notice of Removal on October 20, 2016. Invoking this Court's diversity jurisdiction, Defendant asserted that this action involves a controversy between citizens of different states and the amount in controversy exceeds $75,000, based on Plaintiff's amended complaint filed September 28, 2016. R. Doc. 1 at 3; R. Doc. 1-2.

## II.   PRESENT MOTION

On November 21, 2016, Plaintiff filed the present motion to remand, arguing that Notice of Removal is untimely under 28 U.S.C. § 1446(b). R. Doc. 9-1 at 2-3. Defendants oppose remand, maintaining the Notice of Removal was filed within the requisite time limit.

### A. Plaintiff's Motion to Remand

Plaintiff provided correspondence between the parties prior to the commencement of the case detailing her injury and medical care. R. Doc. 9-1 at 1-2; R. Docs. 9-2; 9-3; 9-4; 9-5. Based on this correspondence, Plaintiff claims that Defendants were on notice that Plaintiff's damages would exceed $75,000. R. Doc. 9-1 at 1-2. Plaintiff filed suit on July 8, 2016, and responded to a request for admission acknowledging that damages exceeded $75,000 on October 20, 2016. In her motion to remand, Plaintiff contends that Defendants had notice of the potential damages

prior to the commencement of the lawsuit, and that the petition noted injury to Plaintiff's disc and nerves, indicating significant and costly damages. R. Doc. 9-1 at 3. Additionally, Plaintiff contends that the medical records and settlement demands sent to Defendants constitute "other paper" as set forth in 28 U.S.C. § 1446(b), rendering Defendants' Notice of Removal untimely. R. Doc. 9-1 at 3.

### B. Defendants' Opposition

Defendants oppose the motion to remand, contending that prior to September 2016 they had no reason to believe the amount in controversy exceeded $75,000 and thus no reason to file a Notice of Removal. R. Doc. 10 at 4. Defendants aver that the medical documentation they received from Plaintiff between July 8, 2016, the date the state petition was filed, and September 26, 2016, indicated that Plaintiff's medical costs totaled $10,627.57. R. Doc. 10 at 3. In late September, Plaintiff filed an amended petition adding her Underinsured Motorist insurer as a defendant. R. Doc. 10 at 4. On September 26, 2016, Defendants forwarded Plaintiff two requests for admission, attempting to clarify that the damages and the amount in controversy would not exceed $75,000. R. Doc. 10 at 3. Plaintiffs did not respond to these requests within 15 days of service, so, relying on La. Code of Civil Procedure art. 1467, Defendants contend they were admitted. R. Doc. 10 at 4. On October 20, 2016, Plaintiff responded to Defendants' response to request for admission, neither admitting or denying that the amount in damages was greater or less than $75,000 because the trier of facts determines damages. R. Doc. 9-6 at 1. Also on October 20, 2016, Defendant received Plaintiff's medical records pursuant to a subpoena indicating ongoing medical treatment. R. Doc. 10 at 4-5. At this time, Defendants maintain that it was apparent that Plaintiff's damages would exceed $75,000 and filed a Notice of Removal. R. Doc. 10 at 5-6.

### III. LAW AND ANALYSIS

#### A. Applicable Law

A defendant may remove a civil action filed in state court if a federal court would have had original jurisdiction over the issue. 28 U.S.C. § 1441(a). A federal court would have original jurisdiction over cases involving complete diversity of diversity of citizenship among the parties where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

28 U.S.C. § 1446 creates two distinct thirty-day filing deadlines for a notice of removal. In *Chapman v. Powermatic, Inc.*, the Fifth Circuit held that this provision creates a two-step test to analyze the timeliness of removal. 969 F.2d 160, 161 (5th Cir. 1992). First, a court must determine if the case was removable when initially filed:

> [t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1). Under *Chapman*, for a case to be removable when filed the pleading must affirmatively reveal on its face that the plaintiff seeks damages in excess of $75,000. 969 F.2d at 163 (reaffirmed by *Mumfrey v. CVS Pharmacy*, 719 F.3d 392, 400 (5th Cir. 2013)). A defendant's subjective knowledge of the amount of damages is not enough to convert a non-removable action into a removable one. *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996).

If the action is not removable when initially filed, the court then evaluates if the case became removable at a later time. Section 1446(b)(3) provides that:

> [e]xcept as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or

>  otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

Thus, under Section 1446(b)(3), a case is removable upon the defendant's receipt of "a copy of an amended pleading, motion, order or other paper" from which the amount of damages sought may first be ascertained. To trigger the removal timer, the information contained in the "other paper" must be "unequivocally clear and certain." *Bosky v. Kroger Texas, LP*, 288 F.3d 208 (5th Cir. 2002). "[O]ther paper" must also be "received by a defendant only after that defendant has received the initial pleading." *Chapman*, 969 F.2d at 164. If a case is originally not removable for reasons concerning amount in controversy, responses to discovery are considered "other paper." § 1446(c)(3).

### B. Discussion

Defendant's removal in this case is only timely if: (1) the timing provision of 28 U.S.C. § 1446(b)(1) was not triggered by Plaintiff's initial pleading and (2) the timing provision of § 1446(b)(3) was triggered thirty days or fewer before the October 20, 2016 date of removal.

#### i. Section 1446(b)(1) and Plaintiff's Complaint

Plaintiff's initial complaint did not trigger the timing provisions of § 1446(b)(1) because the pleading did not affirmatively reveal on its face that Plaintiff sought damages in excess of $75,000. *See Chapman*, 969 F.2d at 163. Plaintiff sought damages for (a) physical pain and suffering; (b) mental anguish; (c) permanent disability; (d) medical expenses; (e) loss of income; (f) loss of earning capacity; and (g) loss of enjoyment of life for her injuries, which constituted "multiple contusions and abrasions, cervical strain, lumbar strain, nerve and disk damage, [and] an aggravation of pre-existing fibromyalgia". R. Doc. 1-1 at 2. Plaintiff did not include "a specific allegation that damages are in excess of the federal jurisdictional amount" in this initial

pleading, and thus the initial pleading did not, on its face, trigger the removal timer. *Chapman*, 969 F.2d at 163.

Plaintiff's argument regarding damage awards for similarly-situated plaintiffs are also futile. R. Doc. 9-1 at 3. The *Chapman* inquiry focuses on the objective text of the pleading itself, not the defendant's subjective knowledge of the claim. *Chapman*, 969 F.2d at 163 ("We adopt this rule because we conclude that it promotes certainty and judicial efficiency by not requiring courts to inquire into what a particular defendant may or may not subjectively know."). Accordingly, the Court will analyze the second *Chapman* prong.

*ii. Section 1446(b)(3) and Plaintiff's Amended Pleading*

Defendant's removal was timely under § 1446(b)(3), because Defendant's October 20, 2016, Notice of Removal was filed within thirty days of Defendant's September 23, 2016 receipt of the amended state court pleading. Under Section 1446(b)(3), the thirty day timer is triggered by the receipt "of a copy of an amended pleading, motion, order or other paper" if received after the initial complaint and is "unequivocally clear and certain" regarding the information supporting removal. *Bosky*, 288 F.3d at 211.

Plaintiff's correspondence with Defendants prior to July 8, 2016 does not constitute "other paper" capable of triggering the removal provision. As discussed in this Court's recent ruling in *Oniate v. State Farm Mutual Automobile Insurance Company*, *Chapman* holds that "other paper" must be "received by a defendant only after that defendant has received the initial pleading." *Chapman*, 969 F.2d at 164; *Oniate*, 2:15-CV-6431 (E.D. La. 1/20/16); 2016 WL 232437. None of the correspondence between Plaintiff and Defendants discussing medical treatment and expenses qualify as "other paper" because they were received prior to the August 23, 2016 initial pleading in state court. Thus, Plaintiff's argument is unpersuasive.

6

Plaintiff provided this Court with her October 20, 2016 response to Defendant's request for admission, noting that a May 26, 2016 settlement demand should have put Defendants on notice that Plaintiff's damages were estimated at $100,000. R. Doc. 9-6 at 1. A settlement demand may be considered "other paper," but to trigger the thirty-day timer for removal, the settlement demand must be received after the initial pleading. *Chapman*, 969 F.2d at 164. Plaintiff's initial pleading was filed on July 8, 2016, well after her May 26, 2016 settlement demand. R. Doc. 9-1 at 2. Therefore, any knowledge Defendant had of Plaintiff's damages from this demand do not serve to trigger the thirty-day timer for removal.

Defendants argue that the thirty day clock began to run on October 20, 2016, after they received medical documentation of Plaintiff's ongoing injuries. The Court, however, does not need to decide whether the clock began to run from that date or from the date Plaintiff filed the amended complaint, because the removal was timely in either case.

### IV. CONCLUSION

For the aforementioned reasons, **IT IS ORDERED** that Plaintiff's Motion to Remand, R. Doc. 9, is hereby **DENIED**.

New Orleans, Louisiana, this 24th day of January, 2017.

_____
UNITED STATES DISTRICT JUDGE